UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CEDAR PLANTATION
CONDOMINIUM ASSOCIATION,
INC.

                                                    CIVIL ACTION

VERSUS

                                                    NO. 10-699-JJB

AMERICAN MODERN SELECT
INSURANCE COMPANY

## RULING ON DEFENDANT'S MOTION TO LIFT THE STAY AND DISMISS

This matter is before the Court on a Motion to lift the stay and dismiss by

Defendant, American Modern Select Insurance Company ("American Modern").

(Doc. 8).   Plaintiff, Cedar Plantation Condominium Association, Inc., ("Cedar

Plantation) filed an opposition (Doc. 12) to which Defendant has filed a reply.

(Doc. 16). Oral argument is not necessary. This Court's jurisdiction exists

pursuant to 28 U.S.C. § 1332. For the following reasons, the Defendant's motion

is GRANTED.

I.

Cedar Plantation is the owner of a condominium complex located in Baton

Rouge, Louisiana and American Modern insured the complex. (Doc. 1-2 at p. 1).

On September 1, 2008, Hurricane Gustav hit the Gulf Coast and as a result,

Cedar Plantation's complex was damaged. (*Id.*) Within thirty days of the

hurricane, Cedar Plantation contacted American Modern and reported the

damage. (*Id.* at p. 2) American Modern denied coverage and refused to pay under the policy in what Cedar Plantation believes was bad faith. (*Id.*)  Cedar Plantation then filed suit against the American Modern and this case was removed from 19th Judicial District Court of East Baton Rouge on October 12, 2010. (Doc. 1).

In November 2010, the lawsuit was stayed upon consent of both parties until the appraisal process invoked by the Cedar Plantation could be completed. (Doc. 6).   The appraisal process concluded upon the rendition of the umpire's final award on January 18, 2011. (Doc. 8-1 at p. 1-2).  The award composed of determining both the actual-cost value ("ACV") and the replacement-cost value ("RCV"). (*Id.*).  Upon rendition of the final award, American Modern issued Cedar Plantation a supplemental payment for the full ACV. (*Id.*).

American Modern then filed its motion to lift the stay and dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(b)(1). (Doc. 8-1).

II.

In its motion to dismiss, American Modern contends that the umpire's final award constitutes a binding extra-judicial determination of the insurance claim and that everything owed on the award has already been paid by American Modern. (Doc. 8-1) Specifically, American Modern states that Cedar Plantation cannot state a claim for the recovery of additional proceeds over and above the

amount determined by the umpire, and that any such claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). (*Id.*).

As for the RCV remaining on the award, American Modern states that the policy requires that the lost or damaged property actually be repaired and replaced before RCV is owed, and even then RCV is recoverable only to the extent that the cost of those repairs exceeds the ACV paid on the claim. (Doc. 2-3).   American Modern contends that despite numerous requests, Cedar Plantation has been unable or unwilling to furnish any documentation or evidence that the cost of repairs exceeds the ACV that American Modern has already paid on this claim.  American Modern points out that if repairs have been completed and the cost of those repairs does not exceed the ACV already paid on the claim, then Cedar Plantation is not entitled to RCV. (Doc. 8-1).  Further, if repairs remain ongoing, then this action is not ripe to because nothing further is owed at this time. (*Id.*).

In its opposition, Cedar Plantation argues that the appraisal has not resulted in the settlement of the dispute between the parties and a claim still exists. (Doc. 12). Cedar Plantation states that the estimated property damage is in excess of $1,000,000 and that the repair process is ongoing and is presently incomplete.[1] (*Id.*).   Cedar plantation argues that because there was no

---

[1] Cedar cites previous counsel's "medical issues beyond his control" and subsequent withdrawal from this case as adversely affecting its capability to fully implement repairs to the property.

completion date imposed by either the umpire or any insurance policy provision, it should not be hurried to complete repairs. (*Id.*). To expedite the repairs, Cedar Plantation stated that they are willing to submit a projected completion date to the Court in which they must have the repairs complete or risk losing the RCV award. (*Id.*). Cedar Plantation urges that the stay should remain in place until this date, unless the repairs are completed ahead of schedule. (*Id.*).

Additionally, Cedar Plantation argues that a 12(b)(6) motion must not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45 (1957). (Doc. 12 at 3). Here, Cedar Plantation claims it can support its contention that the RCV exceeds ACV thus the motion should be denied. Cedar Plantation also argues that American Modern's 12(b)(1) motion is without merit because the Court has proper jurisdiction under 28 U.S.C. §1332(a). (Doc. 12). In addition, Cedar Plantation states that its "bad faith" claims have not been acknowledged and remain viable.

In its reply, American Modern states that "they are willing to give plaintiff additional time to complete the repairs. Indeed, the parties (through their counsel) are working to establish a mutually acceptable deadline for completion of all repair work, following which the plaintiff's claim for RCV would expire." (Doc. 16 at 1).

American Modern also reiterates its position that the RCV claim has not yet accrued because RCV is only recoverable if repairs have been made, and then only if those repairs exceed the ACV paid on the claim. (Doc. 16).  American Modern argues that its 12(b)(1) motion to dismiss for lack of subject matter jurisdiction has nothing to do with diversity jurisdiction, but is an issue of standing and ripeness, two "essential components of federal subject matter jurisdiction." *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005).

American Modern argues that Cedar Plantation's remaining allegations fail to state a claim. American Modern urges that the "bad faith" claims are stock allegations that are mere recitals of the bad faith statutes and there are no factual allegations, just conclusory assertions of wrong doing. (*Id.*).  American Modern also claims that the allegations of bad faith are entirely implausible because the policy does not provide coverage for the "additional living expenses" that Cedar Plantation alleges it has been deprived of and that a condo association is not entitled to "mental anguish damages." (*Id.* at 5).

## III.

Persuant to Fed. Rule Civ. P. 12(b)(1) on a motion to dismiss for lack of subject matter jurisdiction, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by

the court's resolution of the undisputed facts.  *Den Norske Stats Oljeselskap As v. HeereMac Vof,* 241 F.3d 420, 424 (5th Cir. 2001).   Proponents have the burden of proving the existence of subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

Pursuant to Fed. Rule Civ. P. 12(b)(6), on a motion to dismiss for failure to state a claim, the court accepts all well-pleaded, non-conclusory facts in the complaint as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

A complaint that pleads facts merely consistent with a defendant's liability "stops short of the line between possibility and plausibility." *Id.* at 557.  When well-pleaded factual allegations populate the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1950.  Courts may consider not only the complaint itself, but also documents attached to the complaint or documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007).  The facts in the complaint are viewed collectively, not scrutinized in strict isolation.  *Tellabs*, 551 U.S. at 322-23.

IV.

Here, the Court finds that the insurance policy itself allows for American Modern's motion to dismiss to be granted.  While Cedar Plantation is correct that the Court has diversity jurisdiction under 28 U.S.C. §1332(a), the court is persuaded by American Modern's argument that Cedar Plantation's claim is not sufficiently ripe.  "Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review." *United Transportation v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000). Here, the policy states that RCV is only recoverable if repairs have in fact been made, and then only if the cost of those repairs exceeds the ACV paid on the claim. (Doc. 2-3).   This is not disputed by the parties. Cedar Plantation acknowledged that the repairs have not been completed, therefore, American Modern correctly argues that Cedar Plantation's potential claim for RCV is not yet ripe. (Doc. 12 & 16).

The Court follows *Madison at Lakewood East Apartments, LLC v. Landmark American Insurance Company*, 2009 WL 2391236 (E.D. La. July 30, 2009), where the court held that "the insured was 'not entitled to replacement cost value of the loss until it provides satisfactory proof that it had repaired or replaced the property.'" (citations omitted).  The court in *Madison* also stated that "the issue of the amount of replacement value that the insurer should pay Plaintiff if and when Plaintiff replaces the subject premises is not of 'sufficient immediacy

and reality to warrant' determination by the court in the present proceeding." *Id*. at p. 4.

The Court is also persuaded by American Modern's argument that Cedar Plantation fails to state a claim upon which relief can be granted on the other allegations.  In its response to the motion, Cedar Plantation incorrectly cites *Conley v. Gibson* regarding the granting of a 12(b)(6) motion. (Doc. 12 at 3). This rule quoted above was abrogated by *Bell Atlantic Corp. v. Twombly* and further distinguished by *Ashcroft v. Iqbal*.  Here, Cedar Plantation has not provided any factual content as to its allegations of "bad faith" and as such has failed to establish a "facially plausible" claim upon which it can recover.

V.

Accordingly, American Modern's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is granted based on Cedar Plantation's claim for RCV not being sufficiently ripe. (Doc. 8).  American Modern's 12(b)(6) motion to dismiss for failure to state a claim is granted because Cedar Plantation has failed to establish a facially plausible claim upon which it can recover. For these reasons, American Modern's Motion to lift the stay and dismiss is GRANTED.

Signed in Baton Rouge, Louisiana, on October 31st, 2012.

**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**